United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-30441
Summary Calendar

BRENNAN'S INC,

Plaintiff-Appellant,

versus

RICHARD J. BRENNAN, JR., DICKIE BRENNAN & COMPANY, INC.,
COUSINS RESTAURANTS, INC., AND SEVEN SIXTEEN IBERVILLE,
L.L.C.

Defendants-Appellees.

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 2:04-cv-2808)

Before REAVLEY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

Reviewing the record de novo, we agree with the district court's order and affirm the judgment of dismissal for the following reasons:

1.    The 1998 contractual agreement between the parties has been the locus of both the current and previous lawsuits. In the previous lawsuit, the jury did not grant the plaintiff's request to cancel the contract, although it awarded $250,000 in trademark damages. Last year, this court rejected plaintiff's attack upon the contract. *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356 (5th Cir. 2004). After the conclusion of the first lawsuit, the plaintiff sent the defendant a contract termination letter specifically implicating Louisiana Civil Code Article 2024. As the district court said, there was no impediment to raising plaintiff's alternative theory of termination under Article 2024 in the first suit.

2.    The plaintiff argues an Article 2024 termination represents the exercise of a contractual right rather than a cause of action. This distinction is without effect. "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209 (1979). Having failed to raise its Article 2024 argument in the original suit on the 1998 contract, the plaintiff is unable to file a new suit for purposes of rehashing old battles.

Affirmed.